IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,               No. 2:10-cv-02717 WBS KJN PS

    v.

NICHOLAS CRAVOTTA, Individually
and as Trustee of the Cravotta-Bleau
Family Trust dated September 16, 2004,
et al.,

        Defendants.         ORDER TO SHOW CAUSE
_____/

        As previously scheduled and noticed, the undersigned conducted a Status (Pretrial Scheduling) Conference ("Scheduling Conference") in this case on March 29, 2012, at 10:00 a.m., in Courtroom 25.[1] (See Order, Jan. 25, 2012, Dkt. No. 33.) The court's order setting the Scheduling Conference required the parties who had appeared in the action to file a joint status report or separate status reports no later than March 22, 2012. (Id. at 2.)

        Plaintiff filed a timely status report (Dkt. No. 35). However, in violation of the court's order, defendants Robert Bleau and Ruth Bleau failed to file a status report or status reports. Plaintiff's status report indicates that he attempted to obtain defendants' cooperation in

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

preparing a joint status report, but that defendants have not been communicative in that regard.

In regards to the remaining two defendants—Nicholas Cravotta and Rebecca Bleau—plaintiff obtained a clerk's entry of default against those non-appearing defendants (Dkt. No. 27).  A letter filed by defendant Robert Bleau on January 25, 2012, suggests that Robert and Ruth Bleau believe that they may represent the interests of defendants Nicholas Cravotta and Rebecca Bleau in this litigation (Dkt. No. 34).  Robert Bleau is mistaken, as a non-attorney generally cannot represent another individual or entity in federal court.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (recognizing the "the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity") (collecting cases); accord C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself.") (citations omitted).  There is no indication from the record that either Robert or Ruth Bleau is an attorney.

On March 29, 2012, the undersigned called this matter during the civil law and motion calendar (Dkt. No. 37).  Although plaintiff was present and appeared, no appearance was entered on behalf of any of the defendants in violation of the court's order and Local Rule 240(a).

In light of defendants' failure to file status reports and appear at the Scheduling Conference, the court resets that conference for another date and orders defendants Robert and Ruth Bleau to show cause in writing why they failed to file a status report and appear at the March 29, 2012 Scheduling Conference.  Because it appears that defendants Nicholas Cravotta and Rebecca Bleau intend to defend themselves but mistakenly believed that Robert and Ruth Bleau could represent their interests in this litigation, Nicholas Cravotta and Rebecca Bleau shall also appear at the next status conference.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   A further Status (Pretrial Scheduling) Conference is set before the undersigned on Thursday, May 17, 2012, at 10:00 a.m., in Courtroom 25.  *No later than seven*

*days prior to that Status (Pretrial Scheduling) Conference*, the parties shall file a joint status report that complies with the court's Order Setting Status Conference. If the parties are unable to prepare and file a joint status report, the parties shall file separate status reports that comply with the court's Order Setting Status Conference and explain why a joint status report could not be prepared.

       2.     All parties, including all defendants, shall appear at the May 17, 2012 Status (Pretrial Scheduling) Conference.

       3.     Defendants Robert Bleau and Ruth Bleau shall show cause in writing, *on or before April 13, 2012*, why they: (1) failed to file a status report in advance of the Status (Pretrial Scheduling) Conference conducted on March 29, 2012; and (2) failed to appear at the Status (Pretrial Scheduling) Conference on March 29, 2012. All defendants are advised that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to

////
////
////
////

control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").

IT IS SO ORDERED.

DATED: March 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE