1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11            Plaintiff,                    No. 2:10-cv-02717 WBS KJN PS

12       v.

13   NICHOLAS CRAVOTTA, Individually
     and as Trustee of the Cravotta-Bleau
14   Family Trust dated September 16, 2004,
     et al.,

15            Defendants.               ORDER TO SHOW CAUSE

16   _____/

17            As previously scheduled and noticed, the undersigned conducted a Status (Pretrial

18   Scheduling) Conference ("Scheduling Conference") in this case on March 29, 2012, at 10:00

19   a.m., in Courtroom 25.[1]  (See Order, Jan. 25, 2012, Dkt. No. 33.)  The court's order setting the

20   Scheduling Conference required the parties who had appeared in the action to file a joint status

21   report or separate status reports no later than March 22, 2012.  (Id. at 2.)

22            Plaintiff filed a timely status report (Dkt. No. 35).  However, in violation of the

23   court's order, defendants Robert Bleau and Ruth Bleau failed to file a status report or status

24   reports.  Plaintiff's status report indicates that he attempted to obtain defendants' cooperation in

25   _____

26        [1] This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

1   preparing a joint status report, but that defendants have not been communicative in that regard.

2          In regards to the remaining two defendants—Nicholas Cravotta and Rebecca

3   Bleau—plaintiff obtained a clerk's entry of default against those non-appearing defendants (Dkt.

4   No. 27).  A letter filed by defendant Robert Bleau on January 25, 2012, suggests that Robert and

5   Ruth Bleau believe that they may represent the interests of defendants Nicholas Cravotta and

6   Rebecca Bleau in this litigation (Dkt. No. 34).  Robert Bleau is mistaken, as a non-attorney

7   generally cannot represent another individual or entity in federal court.  See Simon v. Hartford

8   Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (recognizing the "the general rule prohibiting pro

9   se plaintiffs from pursuing claims on behalf of others in a representative capacity") (collecting

10  cases); accord C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)

11  ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is

12  personal to him.  He has no authority to appear as an attorney for others than himself.") (citations

13  omitted).  There is no indication from the record that either Robert or Ruth Bleau is an attorney.

14          On March 29, 2012, the undersigned called this matter during the civil law and

15  motion calendar (Dkt. No. 37).  Although plaintiff was present and appeared, no appearance was

16  entered on behalf of any of the defendants in violation of the court's order and Local Rule 240(a).

17          In light of defendants' failure to file status reports and appear at the Scheduling

18  Conference, the court resets that conference for another date and orders defendants Robert and

19  Ruth Bleau to show cause in writing why they failed to file a status report and appear at the

20  March 29, 2012 Scheduling Conference.  Because it appears that defendants Nicholas Cravotta

21  and Rebecca Bleau intend to defend themselves but mistakenly believed that Robert and Ruth

22  Bleau could represent their interests in this litigation, Nicholas Cravotta and Rebecca Bleau shall

23  also appear at the next status conference.

24          Based on the foregoing, IT IS HEREBY ORDERED that:

25          1.      A further Status (Pretrial Scheduling) Conference is set before the

26  undersigned on Thursday, May 17, 2012, at 10:00 a.m., in Courtroom 25.  *No later than seven*

2

1  *days prior to that Status (Pretrial Scheduling) Conference*, the parties shall file a joint status

2  report that complies with the court's Order Setting Status Conference.  If the parties are unable to

3  prepare and file a joint status report, the parties shall file separate status reports that comply with

4  the court's Order Setting Status Conference and explain why a joint status report could not be

5  prepared.

6           2.      All parties, including all defendants, shall appear at the May 17, 2012

7  Status (Pretrial Scheduling) Conference.

8           3.      Defendants Robert Bleau and Ruth Bleau shall show cause in writing, *on*

9  *or before April 13, 2012*, why they:  (1) failed to file a status report in advance of the Status

10  (Pretrial Scheduling) Conference conducted on March 29, 2012; and (2) failed to appear at the

11  Status (Pretrial Scheduling) Conference on March 29, 2012.  All defendants are advised that

12  Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these

13  Rules or with any order of the Court may be grounds for imposition by the Court of any and all

14  sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover,

15  Eastern District Local Rule 183(a) provides, in part:

16           Any individual representing himself or herself without an attorney is
          bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
17           and all other applicable law.  All obligations placed on "counsel" by these
          Rules apply to individuals appearing in propria persona.  Failure to comply
18           therewith may be ground for dismissal, judgment by default, or any other
          sanction appropriate under these Rules.

19

20  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

21  same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of

22  L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to

23  ////

24  ////

25  ////

26  ////

1   control their dockets.  In the exercise of that power they may impose sanctions including, where

2   appropriate, default or dismissal.").

3              IT IS SO ORDERED.

4   DATED:  March 29, 2012

5

6                                    _____

7                                    KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4